UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0051-006-CVE |
| ) | |
| JOSE SILOS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion for Revocation of Detention Order (Dkt. ## 58, 68). Defendant Jose Silos is charged with participating in a drug conspiracy (Count One), maintaining drug-involved premises (Count Three), conspiring to commit an offense against the United States (Count Eleven), and using a communication device to facilitate a drug trafficking offense (Counts Nineteen, Twenty, Twenty-Nine, and Thirty-Two). The government filed a motion (Dkt. # 33) asking the Court to detain defendant pending trial and a detention hearing was held before Magistrate Judge Paul J. Cleary on April 3, 2008. He found that defendant should be detained pursuant to 18 U.S.C. § 3142(e), because he was charged with an offense under the Controlled Substances Act, 18 U.S.C. § 801 et seq., that carried a maximum sentence of ten years or more. He further found that no condition or combination of conditions would ensure the safety of the community or defendant's presence at court proceedings.

Under 18 U.S.C. § 3145(b), a criminal defendant who has been detained pending trial may file "with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir.

2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary or it may rule on the written pleadings and evidence if the factual record is sufficient. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985). The Court has reviewed the pleadings, as well as the transcript (Dkt. # 76) of and exhibits introduced at the detention hearing, and finds that an evidentiary hearing on defendant's motion is not required.

The government invoked the presumption of detention, pursuant to 18 U.S.C. § 3142(e), that no conditions of release will assure defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."). When the government invokes the presumption of detention, the burden shifts to the defendant to produce evidence rebutting the presumption. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The defendant's burden of production is not heavy, but some evidence must be produced. Id. at 1355. Even if the defendant satisfies his or her burden of production, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id. At all times, the burden of persuasion remains with the government. United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

At the detention hearing, the government presented the testimony of Jared Yates ("Yates"), a special agent for the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). Yates has been investigating the Bonilla drug organization for two and a half years and he testified that Jose Silos

("Silos") was an organizer and debt collector for the organization. Dkt. # 76, at 11-12. An alleged coconspirator and transporter for the Bonilla drug organization, Felix McVay ("McVay"), informed Yates that other members of the Bonilla drug organization referred to Silos as "Fats." Id. at 44. Silos is married to Francisca Bonilla and he is the stepfather of Manuel and Mario Bonilla, the organization's leaders. Yates testified that Silos would receive shipments of drugs at 816 North Rockford St., Tulsa, Oklahoma ("816 N. Rockford"). The government learned that the Bonilla drug organization could be using Silos' address to receive and process shipments of narcotics or money and set up surveillance at the address. Id. at 21-22. ATF agent Matt Abowd ("Abowd") was conducting surveillance and observed Silos working underneath a fifth-wheel trailer with welding equipment. Based on other information gathered by the government, Abowd believed that Silos could be altering the trailer to install a compartment to hide contraband.[1] Plaintiff's Ex. 4, at 3, 5. Yates interviewed Miguel Chavez ("Chavez"), a transporter for the Bonilla drug organization. Dkt. # 76, at 16. On July 9, 2006, Chavez claims that he delivered a shipment of narcotics to Silos at 816 N. Rockford. Id. at 18. McVay also told Yates that he delivered money to 816 N. Rockford and he saw a gun in Silos' bedroom on two occasions. The gun was located on a dresser near Silos while he counted money. Id. at 45-46; Plaintiff's Ex. 2, at 3-4. On cross-examination, Yates testified that he had not observed Silos leave the Tulsa area during the investigation, but he was aware that Silos had relatives in Mexico.[2] Robert Perjatel ("Perjatel"), a special agent for Immigration and Customs

---

[1] Yates testified that a subsequent search has revealed that the trailer contained a hidden compartment.

[2] Yates could not testify as to whether Silos had contact with family members in Mexico. However, he testified that Silos had not visited Mexico for approximately two and a half years. Dkt. # 76, at 75.

Enforcement, also testified at the detention hearing. He testified that Silos is a citizen of Mexico and he is lawfully in the United States as a permanent resident. Id. at 96. However, Silos could be deported if he is convicted of a crime.

Defendant argued that he was not a danger to the community or a flight risk. Defense counsel asserted that Silos has been a legal resident of the United States for over 20 years and argued that the government should not be permitted to rely on Silos' connection to another country as a basis for detention. Id. at 121. He acknowledged that Silos has relatives in Mexico. However, he claimed that Silos had not visited any family members in Mexico for at least two and a half years and there was no evidence that Silos would attempt to flee. Concerning Silos' alleged use of a firearm, he argued that there was no evidence that the firearm was loaded or that Silos ever threatened anyone with it. He requested electronic monitoring, along with a combination of other conditions, to ensure Silos' appearance at court proceedings. Id. at 122-23.

The magistrate judge granted the government's motion for detention. He acknowledged that defendant had come forward with some evidence, but he was not convinced that the presumption of detention had been rebutted. He stated:

> [I]t's important to remember that these are presumption cases. And even in a situation where there's evidence put forward to meet the burden of production -- to try to rebut that presumption, the presumption itself or the evidence, therefore does not just disappear, but it remains as a factor for the Court's consideration of the ultimate determination of release or detention. With respect to Mr. Silos, we've got Agent Yates' testimony about Silos's extensive role in the operation of this -- this drug operation, these strong family relationships to the person involved. We have recitation of evidence from Mr. Chavez that -- again, that Silos is involved in arranging transportation of drugs, collecting debts, working on trailers to hide the drugs involved. There's also some evidence that at least on one occasion, there was a weapon in Mr. Silos's immediate vicinity while these -- while the drug money was being -- was being counted.

> Under the circumstances, I think -- I'm not sure that presumption has really been rebutted here, but as -- the main concern, I guess, is the flight issue. We've got an extensive, very serious charge pending; we've got strong connections to Mexico through relatives, and the possibility here on this drug conspiracy of a minimum of ten years to life. That certainly raises the specter of flight. We've got the additional charge of maintaining drug premises against Mr. Silos. I think, under the circumstances -- and I know that everybody discusses the possibility of electronic monitoring and all sorts of things. And the fact of the matter is that the electronic monitoring has rather limited usefulness. It can be very useful under -- in certain circumstances. But in a situation like this, it's really not all that useful as a mechanism to reasonably insure that someone won't flee. And the circumstances here, I think, militate in favor of granting the government's motion and detaining Mr. Silos.

Dkt. # 76, at 129-30. Even if defendant had rebutted the presumption of detention, the magistrate judge determined that defendant posed a danger to the community and he posed a flight risk due to his family connections to Mexico.

The Court has independently reviewed the pleadings and the transcript of the detention hearing, as well as the exhibits introduced at the detention hearing, and finds that defendant should be detained pending trial. At the detention hearing, the government produced evidence linking Silos to the alleged drug conspiracy and invoked the presumption of detention under § 3142(e). Defendant is charged with participating in a conspiracy to distribute cocaine, marijuana, and methamphetamine, and he faces a mandatory minimum sentence of ten years and a maximum sentence of life on Count One.[3] 21 U.S.C. § 841(b)(1)(A). Because the government has invoked the presumption of detention, defendant must produce some evidence to rebut this presumption. Defendant argues that the government has not presented evidence that he is a danger to the community or that he is a flight risk, but this is not the same as producing evidence to rebut the

---

[3] The Court notes that Count Three, maintaining drug-involved premises, carries a maximum sentence of 20 years and would also give rise to a presumption of detention under § 3142(e). See 21 U.S.C. § 856(b).

5

presumption of detention. Even if the Court were to assume that defendant had rebutted the presumption, the Court would still find that defendant should be detained pending trial. The government presented evidence that Silos had access to a gun while counting the proceeds of alleged drug transactions. The government also presented evidence that Silos maintained a residence for the purpose of receiving narcotics and the proceeds of the sale of narcotics. Both of these facts show that Silos could pose a danger to the safety of the community if he is released pending trial. Silos has strong connections to Mexico and is facing a minimum sentence of ten years, and up to a life sentence, for serious drug trafficking offenses. Although defendant suggests that a combination of conditions could ensure his presence at court proceedings, he presented no evidence suggesting that he has local ties or a reason to remain in Tulsa. His wife, Francisca Bonilla, is currently in federal custody and he did not present any evidence showing other family ties to Tulsa. However, the government provided evidence that Silos has family members in Mexico and is fluent in Spanish. This evidence suggests that defendant is a serious flight risk and militates against pretrial release. Given the strong flight risk, electronic monitoring would not be sufficient to ensure defendant's presence at court proceedings. The government has invoked the presumption and shown that no condition or combination of conditions would ensure defendant's appearance and the safety of the community. Pursuant to § 3142(e), the Court finds that defendant should be detained pending trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Revocation of Detention Order (Dkt.# # 58, 68) is **denied**.

**DATED** this 14th day of May, 2008.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT